

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| UTILITIES OPTIMIZATION GROUP, L.L.C., | § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. 1:08-CV-68-TH |
| TEMPLE-INLAND,INC., | § § § | |
| Defendant. | § | |

### MEMORANDUM OPINION

On February 16, 2010 Defendant made a post-verdict motion for judgment as a matter of law in light of the Fifth Circuit's ruling in *Addicks Services, Inc. v. GGP-Bridgeland, LP*, No. 09-20155, slip op. (5th Cir. Feb. 8, 2010). That decision came down between the jury verdict in favor of Plaintiff and the Court's entering of judgment in this case. The Court shall not revisit its earlier discussions of the law of waiver. It shall merely discuss Defendant's position that *Addicks* requires judgment be entered against Plaintiff as a matter of law. The Court disagrees and denies the Defendant's motion.

Analysis

A. Legal Standard

After a party has been fully heard on an issue during a jury trial, the court may enter a judgment as a matter of law on that particular claim or defense. Fed. R. Civ. Pro. Rule 50(a)(1).

The court must find that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue. *Id.* Once a party makes a motion for judgment as a matter of law, the opposing party must be given an opportunity to cure any deficiency in its proof. *Echeverria v. Chevron USA Inc.*, 391 F. 3d 607, 611 (5th Cir. 2004). The burden is upon the party moving for the judgment as a matter of law and the Court must view all the evidence in the light most favorable to the nonmovant. *Russell v. McKinney Hosp. Venture*, 235 F. 3d 219, 222 (5th Cir. 2000). The Court shall indulge all reasonable inferences in favor of the nonmovant. *Id.* The Court shall grant a motion for judgment as a matter of law only if there is a complete absence of pleading or proof on an issue material to the claim or defense. *Id.* However, a mere scintilla of evidence is not sufficient to present a question for the jury. *Hunter v. Knoll Rig & Equip. Co.*, 70 F.3d 803, 808 (5th Cir. 1995). In considering a motion for judgment as a matter of law, the Court cannot make credibility determinations or weigh the evidence. *Russell*, 235 F. 3d at 222; *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000). The court shall review all the evidence in the record. *Reeves*, 530 U.S. at 150.

If the court does not grant a motion for judgment as a matter of law, the movant may file a renewed motion for judgment as a matter of law no later than 28 days after the entry of judgment. Fed. R. Civ. Pro. Rule 50(b). "A motion for judgment as a matter of law . . . in an action tried by jury is a challenge to the legal sufficiency of the evidence supporting the jury's verdict." *Hiltgen v. Sumrali*, 47 F. 3d 695, 699 (5th Cir. 1995). A court should grant a motion for judgment as a matter of law only when "the facts and inferences point so strongly in favor if the movant that a rational jury could not reach a contrary verdict." *Pineda v. United Parcel Serv., Inc.*, 360 F. 3d 483, 486 (5th Cir.

2004). To grant a post-verdict motion for judgment as a matter of law, the Court must find that the jury had no evidence, or only a scintilla of evidence, upon which it based its findings. *See Ellis v. Weasler Eng'g Inc.*, 258 F.3d 326, 337 (5th Cir. 2001); *Brady v. Houston Indep. Sch. Dist.*, 113 F. 3d 1419, 1422 (5th Cir. 1997).

With these standards in mind, the Court turns to Defendant's motion.

B. *Addicks*

Although the jury found that Temple-Inland waived its contract requirements, Defendant urges the Court to reconsider its denial of Defendant's pre-verdict motion for judgment as a matter of law in light of a recent Fifth Circuit case. In *Addicks Services, Inc. v. GGP-Bridgeland, LP*, No. 09-20155, slip op. (5th Cir. Feb. 8, 2010), the Fifth Circuit held that a contractor's claims against an owner were barred by the contractor's express waiver of those claims through monthly releases it executed to receive progress payments. The Circuit Court upheld the lower court's ruling that an owner could not have impliedly waived its right to insist upon the contractor's express waiver by negotiating and eventually paying some, but not all, of the excess claims. Addicks Services, Inc. ("Addicks") entered into a contract with GGP-Bridgeland, LP ("Bridgeland) in 2004. Under the original terms of the contract, Addicks would spend roughly 150 days excavating land Bridgeland sought to develop. The contract contained a "no oral modification" clause that specifically provided the contract could only be modified in written change order forms signed by both parties. Addicks was to notify Bridgeland of any claims for additional compensation or work within ten days of its occurrence. Addicks would then submit a claim within thirty days and a change order proposal, if requested by Bridgeland. The contract stated that Addicks was entitled to $4,582,721.79 for the total

3

work performed. It also provided for monthly progress payments. After a series of changes and delays, the project finished eleven months behind schedule and over budget. While the project was ongoing, Addicks submitted applications for progress payments and executed written waivers to accompany each one. These payment applications and waivers were submitted by Addicks on a monthly basis. Each waiver contained language that stated Addicks specifically waived any and all claims, with a blank space for exceptions. Addick's never filled in that blank space despite the significant changes in the project for which Addicks still required approval. On appeal, Addicks argued that Bridgeland had waived its right to rely on the express language of the waivers when it negotiated with Addicks and issued payment for most, but not all, of the changes. Addicks argued this was inconsistent with claiming the right to rely upon the waiver language and therefore constituted a waiver. The Fifth Circuit found that "[t]he undisputed facts show that Bridgeland and Addicks followed the process for requesting change orders delineated by the contract in their negotiations over the thirty-four claims referenced above. Also as contemplated by the contract, Bridgeland continued to insist that Addicks execute interim waivers in exchange for each progress payment. This conduct is wholly consistent with strict adherence to the contract and wholly inconsistent with waiver of the right to rely on the Interim-Waivers." *Addicks Services, Inc.*, No. 09-20155, slip op. at 19.

The instant case is distinguishable from *Addicks*, however, as the behavior of Temple-Inland, through its agent Steve Hospodar, was not wholly consistent with claiming its right to pre-approve any changes to the value of the work or to insist on the not-to-exceed contract price. Bridgeland insisted that Addicks execute the waivers, required in the Contract, before providing progressive payment. In our case, Temple-Inland did not insist on anything until it refused to pay the additional

4

amounts invoiced despite its agent's assurances at the time the work was performed that UO Group would be paid. Therefore, while Bridgeland could not have waived its contractual rights as a matter of law where the Court found it had exercised them, no such finding may be made here.

Finally, the Court notes that the jury had an opportunity to fully evaluate the evidence and to determine whether Temple-Inland waived its contract requirements. There were disputed facts before it and the jury deliberated to a conclusion. The definition of waiver was not changed by the Fifth Circuit's holding in *Addicks*, rather it was applied to a factually-distinct scenario. That definition was given to the jury in its Charge and the jury found Temple-Inland had waived the requirements. The Court does not see anything new in *Addicks* that requires it throw away the jury's time and thoughtful conclusions.

Conclusion

Wherefore, the *Motion for Judgment as a Matter of* Law [180], filed on February 16, 2010, is hereby **DENIED**.

**SO ORDERED.**

**SIGNED** this the **5** day of **March, 2010.**

                                                              Thad Heartfield
                                                              United States District Judge